UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASMINE EARLS,

                Plaintiff,

vs.

                                 Case No.:

JOHN DOE AND FUEL SOUTH EXPRESS, LLC,

                Defendant.

_____

**NOTICE OF REMOVAL**

Defendant, FUEL SOUTH EXPRESS, LLC (hereinafter "FUEL SOUTH EXPRESS" or "Defendant"), hereby gives notice of Removal of the above captioned action from the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, in which this action is now pending, to the United States District Court, Middle District of Florida, Tampa Division, and respectfully represents as follows:

      1.      On or about February 17, 2023, a Complaint was served on Fuel South Express. The civil action entitled *JASMINE EARLS v. JOHN DOE and FUEL SOUTH EXPRESS, LLC.,* was commenced in the Circuit Court, Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, and assigned Case number 23-CA-001197. This action was filed in the Hillsborough County Circuit Court on February

9, 2023. (A copy of the Complaint, as well as all other materials contained within the underlying State Court file are attached hereto as **Exhibit "A"**).

2.  This action is properly removable pursuant to 28 U.S.C. §1441 and this Notice of Removal is filed within the thirty (30) day statutory period for removal under 28 U.S.C. §1446(b).

3.  There is complete diversity of citizenship between the parties to this cause. For natural persons such as Plaintiff, citizenship consists of two elements: residency in a state and intent to remain in that state. *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021); *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (holding citizenship is determined by "domicile" or "the place of his true fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom").

4.  Upon information and belief, Plaintiff is a citizen of the State of Florida. At the time of the subject accident, Plaintiff had a Florida driver's license with an expiration date of September 19, 2028, that driver's license listed a Florida address, and she was driving a vehicle registered in Florida. *See* Florida Traffic Crash Report attached as **Exhibit "B."**

5.  For purposes of diversity of citizenship, a "limited liability company is a citizen of any state of which a member of the company is a citizen." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F. 3d 1313, 1316 (11th Cir. 2017) (citing

*Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F. 3d 1020, 1021 (11th Cir. 2004)). Fuel South's only member is Circle K Stores, Inc., which is a foreign corporation duly organized and incorporated in Texas with its principal place of business in Arizona. *See* **Exhibit "C"** (Florida corporate filing); *see also Hertz Corp.*, 559 U.S. at 92-93; *Taylor*, 30 F.3d at 1367. Accordingly, Fuel South is a citizen of Texas and Arizona based on the citizenship of its only member, Circle K Stores, Inc. *See Williams v. Circle K Stores, Inc.*, No. 4:22-CV-48 (CDL), 2022 U.S. Dist. LEXIS 99187, *2 (M.D. Ga. June 2, 2022) (recognizing that Circle K Stores, Inc. is a citizen of states other than Georgia); *Mutchler v. Circle K Stores, Inc.*, No. 20cv1239-GPC(BGS), 2020 U.S. Dist. LEXIS 167733, *4 (S.D. Cal. Sept. 14, 2020) (finding Circle K Stores, Inc. a citizen of Texas and Arizona).

6. Because Defendant John Doe is unnamed in the Complaint, his citizenship is disregarded for removal purposes. *See* 28 U.S. C. 1441 (b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendant sued under fictitious names shall be disregarded."). *See also Laposa v. Walmart Stores East LP*, 2020 WL 2301446, at*2 (M.D. Fla. May 8, 2020) (noting that even if "the fictitious defendants were likely not diverse, their citizenship must be disregarded for purposes of diversity jurisdiction") (citing *Smith v. Comcast Corp.*, 786 Fed.App'x 935, 939 (11th

Cir. 2019)). Accordingly, the citizenship of John Doe must be disregarded for purposes of removal.

7. Thus, because Fuel South is a citizen of Texas and Arizona and Plaintiff is a Citizen of Florida, there is complete diversity of citizenship.

8. This is a purported negligence action brought by the Plaintiff against the Defendant. As is expressly referenced in the Complaint, the Plaintiff is seeking damages in excess of $50,000.00.

9. In determining the amount in controversy, where "Plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Gillinov v. Hillstone Restaurant Group, Inc.*, 92 F. Supp. 3d 1251, 1253-54 (S.D. Fla. 2015). The evidence that the Court can rely on is not limited in applying the preponderance of the evidence standard, and a defendant may use "their own affidavits, declarations, or other documentation – provided of course that removal is procedurally proper." *Pretka v. Kolter City Plaza, II, Inc.*, 608 F. 3d 744, 755 (11th Cir. 2010). "The Court may consider a pre-suit demand letter in determining whether the amount in controversy requirement is satisfied." *Gillinov v. Hillstone Restaurant Group, Inc.*, 92 F. Supp. 3d at 1254-1255; *but see Clifford v. BJ's Wholesale Club, Inc.*, 2016 LEXIS 147614 (S.D. Fla. 2016). In addition, a plaintiff's claimed need for ongoing medical treatment can be taken into account

when determining the amount in controversy. *See, La Rocca v. Stahlheber*, 676 F.Supp.2d 1347, 1350 (S.D. Fla. 2009).

10. Plaintiff alleges in the Complaint that she was injured as a result of Defendant, John Doe's negligence operation of the motor vehicle owned by Defendant, Fuel South Express, so that it collided with Plaintiff's vehicle. Plaintiff claims that she has suffered damages including, without limitation:

   a. Bodily Injury
   b. Pain and Suffering
   c. Disability
   d. Disfigurement
   e. Mental Anguish
   f. Loss of Capacity for the Enjoyment of Life
   g. Expense of Hospitalization
   h. Medical and Nursing Care Treatment
   i. Loss of Earnings
   j. Loss of Ability to Earn Money in the Future
   k. Aggravation of a Previously Existing Condition

*See* Pl.'s Compl., ¶ 5,7. Plaintiff also contends that her losses are permanent or continuing in nature. *Id.*

11. In determining the amount in controversy, where "Plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Gillinov v. Hillstone Restaurant Group, Inc.*, 92 F. Supp. 3d 1251, 1253-1254 (S.D. Fla. 2015). The evidence that the Court can rely on is not limited in applying the preponderance of the evidence standard, and a

defendant may use "their own affidavits, declarations, or other documentation – provided of course that removal is procedurally proper." *Pretka v. Kolter City Plaza, II, Inc.*, 608 F. 3d 744, 755 (11th Cir. 2010).

12. Prior to filing suit, the parties engaged in settlement negotiations. On November 15, 2022, Plaintiff sent a presuit demand package wherein Plaintiff demanded $6,000,000 (policy limits) to settle the case. Plaintiff's counsel represented that Plaintiff had incurred $24,6963.40 in past medical bills. Plaintiff claims to have sustained injuries to her neck, back, left hip and left knee. Plaintiff is also purportedly making a substantial claim for non-economic damages, as she claims to have incurred $31,840.00 in past pain and suffering, and $2,883,792.00 in future pain and suffering. Plaintiff's counsel produced some of Plaintiff's medical records and bills to support her demand. *See* **Exhibit "D"**.

13. These "papers" provide specific information to support Plaintiff's claims, including records detailing Plaintiff's diagnoses, treatment, and medical bills. As such, Plaintiff's demand is not mere puffery or posturing. *See Filippone v. CP Clearwater, LLC*, No. 8:18-cv-2503-T-33AAS, 2018 U.S. Dist. LEXIS 192075, at *5 (M.D. Fla. Nov. 9, 2018).

14. Because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, this Court has subject matter jurisdiction

based on diversity pursuant to 28 U.S.C. §1332. As such, this removal action is proper.

15.   Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action was promptly served on Plaintiff's counsel, and a Notice of Filing of Removal will be filed with the Clerk of the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida.

16.   Defendant has served the instant Notice of Removal on Plaintiff's counsel on March 8, 2023. Defendant has also timely filed a Notice of Application for Removal with the Clerk of the Circuit Court of the Thirteenth Judicial Circuit. Thus, removal is timely under 28 U.S.C. §1446(b)(3) because Defendant's Notice of Removal was filed within 30 days of the "other paper" upon which the case first became removable.

17.   Accompanying this Notice of Removal is a Civil Cover Sheet as well as a check for the required filing fee.

**WHEREFORE**, the undersigned Defendant respectfully requests that this action now pending in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, be removed from there to this Honorable Court because of the complete diversity between the parties and the amount in controversy that exceeds $75,000.00.

Dated:  March 9, 2023.

/s/ Caroline H. Bateh
Heath L. Vickers
Florida Bar No. 0084769
Caroline H. Bateh
Florida Bar No. 1026079
CARR ALLISON
The Greenleaf and Crosby Building
208 North Laura Street, Suite 1100
Jacksonville, Florida 32202
Telephone: (904) 328-6456
Facsimile:  (904) 328-6473
Email: hvickers@carrallison.com
Email: cbateh@carrallison.com
Secondary Email:
jgrosskruger@carrallison.com
Secondary Email:
asharpe@carrallison.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 9, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will provide a notice of electronic filing and a copy of the foregoing to the following:

Jorge M. Jane
MORGAN & MORGAN
201 N Franklin St, 7th Floor
Tampa, FL 33602
Telephone: (813) 318-5178
Facsimile: (813) 222-4754
Primary Email: jjane@forthepeople.com
Secondary Email: aprellezo@forthepeople.com
*Attorneys for Plaintiff*

/s/ Caroline H. Bateh
Heath L. Vickers
Florida Bar No. 0084769
Caroline H. Bateh

Florida Bar No. 1026079
CARR ALLISON
*Attorneys for Defendant*

Case 8:23-cv-00521-WFJ-AAS   Document 1   Filed 03/09/23   Page 9 of 9 PageID 9